**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lucky Inn LLC, | No. CV-23-08126-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Northfield Insurance Company, | |
| Defendant. | |

On review of the briefing related to Defendant Northfield Insurance Company's ("Northfield") motion for summary judgment (Doc. 73), it appears that Lucky Inn LLC ("Lucky Inn") presently is not authorized to transact business in the state of Arizona and therefore lacks the capacity to bring this lawsuit. Lucky Inn is hereby ordered to register to transact business in the state of Arizona by August 8, 2025, or the Court will dismiss the suit.

**I.     Background**

Lucky Inn owns a hotel ("Property") in Lake Havasu, Arizona for which it took out an insurance policy ("Policy") with Northfield. (Doc. 73-1 at 3.) In August 2022, the Property experienced storm damage ("Loss"). (Doc. 73-22 at 2–3.) Lucky Inn reported the Loss to Northfield, and Northfield accepted coverage for it, began its adjustment of the claim, and issued several advance and supplemental payments to or on behalf of Lucky Inn. (Doc. 73-5 at 2–9.) A problem arose when Ola Ghanem, one of Lucky Inn's members,

1  notified Northfield that she had not received two of the checks issued and believed those
2  checks had been stolen by fellow member (and Ghanem's ex-husband), Abdelaziz Hassam
3  Abdelaziz. (Doc. 73-8 at 2–3.)
4        After a Northfield representative and Ghanem corresponded about how to resolve
5  the issue, Northfield became suspicious of potential fraud. (Doc. 73-12 at 2–13.)
6  Consequently, it stopped making payments, and counsel for Northfield sent letters to both
7  Ghanem and Abdelaziz requesting that they sit for examinations under oath ("EUO"),
8  provide certain documents, and allow for reinspection of the Property pursuant to the
9  Policy. (Doc. 73-2 at 2–13.) Neither Ghanem nor Abdelaziz participated in EUOs or
10 facilitated reinspection of the property. (Doc. 73-23 at 3.) Ghanem retained an attorney
11 who provided Northfield with some, but not all, of the requested documents. (Doc. 74-11
12 at 2–5.) Abdelaziz's assistant responded via email stating that Abdelaziz would try to
13 cooperate and make himself available. (Doc. 73-13 at 2–4.) Northfield sent two more
14 letters, to Ghanem and Abdelaziz respectively, again requesting that they sit for EUOs,
15 provide other documents, and allow for reinspection of the Property. (Doc. 73-2 at 14–22.)
16 Neither responded to these letters. Several days later, Lucky Inn filed the present suit,
17 alleging Northfield breached the contract and breached its implied duty of good faith and
18 fair dealing. (Doc. 1-3 at 2–11.) Northfield now moves for summary judgment. (Doc. 73.)

19 **II.    Analysis**

20       Northfield argues, in part, that it is entitled to summary judgment because Lucky
21 Inn is a foreign limited liability company ("LLC") not registered to do business in Arizona.
22 (Doc. 73 at 4.) Lucky Inn responds that, while it was unregistered when it sued, it has since
23 registered. (Doc. 74 at 10.) In a state-law action in federal court on diversity jurisdiction,
24 like this one, an LLC's capacity to sue is determined by the law of the state. *See* Fed. R.
25 Civ. P 17(b)(3)(A) (providing that, unless an unincorporated association is bringing a
26 federal cause of action, its capacity to sue is governed by the law of the state where the
27 court is located). Arizona law provides that a foreign LLC "may not do business in this
28 state until the foreign [LLC] . . . registers with the commission[.]" A.R.S. § 29-3902(A).

An unregistered foreign LLC "may not maintain an action or proceeding in this state[.]" § 29-3902(B).

As evidence of its registration, Lucky Inn proffers an unauthenticated copy of its Application to Register a Foreign LLC Name. (Doc. 74-6 at 2.) Northfield objects to the Court's consideration of this evidence both because it is unauthenticated and because it is only an *application*. (Doc. 75 at 5–6.) The Court, however, confirmed Lucky Inn's foreign LLC name registration and takes judicial notice of the same. *See eCorp Search*, Ariz. Corp. Comm'n, https://ecorp.azcc.gov/entitysearch/index (last visited July 18, 2024); *see also* Fed. R. Evid. 201(b)(2), (c)(1); *Malibu Ent. ALCS, LLC v. Bank of the W.*, No. 2:21-CV-05934-AB (GJSx), 2021 WL 6618865, at *3 (C.D. Cal. Nov. 10, 2021) (acknowledging LLC registrations are proper subjects of judicial notice).

But *name* registration alone does not afford Lucky Inn the privilege to maintain suit in Arizona. A foreign LLC may but is not required to register its name. Ariz. Corp. Comm'n, Foreign Registration Statement: Instructions L025i 1 (2022), https://azcc.gov/docs/default-source/corps-files/instructions/l025i-instructions-application-for-registration.pdf?sfvrsn=e87d3b27_4. It is, however, required to register to transact business within the state to maintain this action. *See id.* The same "eCorp" search shows that Lucky Inn has not registered to do business in the state. *See eCorp Search*, *supra*; Fed. R. Evid. 201(b)(2), (c)(1), 803(7).

Still, the Court declines to grant summary judgment to Northfield on this ground without first affording Lucky Inn an opportunity to cure the problem. The Arizona Limited Liability Company Act is modeled after and identical to the Uniform Limited Liability Act ("ULLCA"). A comment to the corresponding ULLCA subsection states that

> [t]he purpose of this subsection is to induce foreign limited liability companies to register without imposing harsh or erratic sanctions . . . The sanction of closing the courts of the state to suits brought by foreign LLCs that should have registered is not a punitive one. If a foreign LLC should have registered and failed to do so, it may still enforce its contractual rights simply by registering.

Unif. Ltd. Liab. Co. Act § 902 cmt. (2013). Granting summary judgment in favor of

Northfield without giving Lucky Inn an opportunity to remedy the issue would be punitive and would not serve the purpose of the law. The proper remedy is to give Lucky Inn leave to register as a foreign LLC authorized to transact business in this state. *Cf., e.g.*, *Capin v. S & H Packing Co.*, 636 P.2d 1223, 1224 (Ariz. Ct. App. 1981) (unregistered foreign corporation may "institute or commence an action prior to compliance[] but . . . cannot maintain an action until it complies"); *Hudson Farms, Inc. v. McGrellis*, 620 A.2d 215, 221 (Del. 1993) (holding foreign corporation may initiate suit without registering but should be given "a period of compliance after commencement of litigation" before the suit proceeds); *A Guy Named Moe, LLC v. Chipotle Mexican Grill of Colo., LLC*, 135 A.2d 492, 505 (Md. Ct. App. 2016) (holding that a foreign LLC "can 'cure' its failure to comply with registration requirements and continue its suit even though not registered at the time of filing suit"). Accordingly,

**IT IS ORDERED** that, by no later than **August 8, 2025**, Lucky Inn must register as a foreign LLC authorized to transact business in Arizona and file proof thereof with the Court. If Lucky Inn fails to prove that it is registered as a foreign LLC authorized to transact business in Arizona by that date, the Court will dismiss this action because Lucky Inn, at present, cannot maintain it. If Lucky Inn adequately proves that it is so registered, then the Court will proceed to rule on the merits of Northfield's summary judgment motion.

Dated this 21st day of July, 2025.

Douglas L. Rayes
Senior United States District Judge